**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 11 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

VINCENT L. MARTIN,

    Defendant - Appellant.

No. 03-8049
(D.C. No. 02-CR-206-B)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.[**]

    Mr. Martin was convicted upon a conditional plea of guilty of possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1), (b)(1)(C), and sentenced to 40 months imprisonment followed by three years supervised release. He was also fined $5,000. On appeal, Mr. Martin cosntests the denial of his motion to suppress, arguing that the state trooper lacked a reasonable articulable

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

suspicion to detain him, and that his detention and the subsequent search of his vehicle were in violation of the Fourth Amendment. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

Background

Mr. Martin's troubles began when he was stopped on I-80 in Wyoming for speeding 82 m.p.h. in a 75 m.p.h. zone. While requesting his driver's license and registration, the state police trooper noticed two large duffel bags in the rear cargo area of Mr. Martin's sport-utility vehicle and a strong odor of air freshener. According to the trooper, Mr. Martin was extremely nervous, avoiding eye contact, even after learning he would receive a warning. The trooper also testified that Mr. Martin was unable to name the registered owner of the vehicle, first stating that the vehicle belonged to "Bryan," then "Bryan's uncle," and finally "Mark," last names not given. The trooper also learned that Mr. Martin was traveling from California to Minnesota, and the trooper considered this significant because, based upon his training and experience, he considered the former a source state for illicit drugs and the midwest a distribution area.

Mr. Martin received a warning and the trooper returned his documents. Thereafter, Mr. Martin agreed to answer a few additional questions and denied that he had any contraband in the vehicle, though he declined to consent to a

search of the vehicle. The trooper then held Mr. Martin for approximately an hour, pending the arrival of the closest available dog handler (and dog) located some 78 miles away. The drug dog alerted and 131 pounds of marijuana was discovered in two large duffle bags in the rear cargo area.

## Discussion

We review the district court's findings of historical fact for clear error and in the light most favorable to the prevailing party, and its legal conclusions on Fourth Amendment reasonableness including reasonable suspicion and probable cause de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996). Mr. Martin does not challenge his initial stop for speeding, but rather his continued detention beyond after receiving the written warning. Mr. Martin suggests that (1) each of the factors relied upon by the trooper might be innocent, (2) the trooper's continued detention of him was based upon a hunch that was not confirmed until he refused to consent to search, and (3) a reasonable investigation would have allowed an opportunity for Mr. Martin to provide innocent reasons for the neutral factors that the trooper relied upon. He concludes by stating that the search of the vehicle was a product of retaliation for exercising his right to refuse a search and that he was detained for an unreasonable amount of time.

The district court relied upon the factors set out above to conclude that the

trooper had reasonable suspicion to detain Mr. Martin pending the arrival of the dog handler and that once the dog alerted, probable cause existed to search the vehicle. Aplt. Br. Attach. Order at 7-8; 2 R. at 61-62. An officer need only have reasonable articulable suspicion that criminal activity is afoot to justify a brief investigative detention. Terry v. Ohio, 392 U.S. 1, 30 (1968). The Supreme Court has repeatedly held that it is the totality of the circumstances, not the supporting factors taken in isolation, that must be considered in deciding whether the facts support reasonable suspicion. United States v. Arvizu, 534 U.S. 266, 273 (2002); United States v. Cortez, 449 U.S. 411, 417-19 (1981).

We agree with the district court that the factors discussed above are indicative of reasonable suspicion, and that once the dog alerted, there was probable cause. United States v. Souza, 223 F.3d 1197, 1205 (10th Cir. 2000). Although reasonable suspicion may not be based upon a refusal of consent to a search, see United States v. Williams, 271 F.3d 1262, 1268 (10th Cir. 2001), cert. denied, 535 U.S. 1019 (2002), the objective facts known to the trooper certainly support reasonable suspicion prior to the refusal. See Whren v. United States, 517 U.S. 806, 813 (1996); see also 2 R. at 26-27 (trooper recounting facts he relied upon). Finally, a law enforcement officer may rely upon his training and experience without inquiring of a defendant as to innocent explanations. See Arvizu, 534 U.S. at 273.

The colorable issue in this appeal is the approximately one-hour delay between Mr. Martin's detention and the arrival of the dog handler and his dog. But given the abundant reasonable suspicion in this case and the diligence by both the trooper and the handler to expedite the dog sniff, the delay was reasonable and not violative of the Fourth Amendment. See United States v. Place, 462 U.S. 696, 709-10 (1983) ("[I]n assessing the effect of the length of the detention, we take into account whether the police diligently pursue their investigation."); Williams, 271 F.3d at 1271 (upholding detention founded upon reasonable suspicion where 15 minutes elapsed from initial stop to arrival of dog); United States v. Villa-Chaparro, 115 F.3d 797, 802-03 (10th Cir. 1997) (upholding detention founded upon reasonable suspicion where 43 minutes elapsed from initial stop to arrival of dog); United States v. Rutherford, 824 F.2d 831, 833-34 (10th Cir. 1987) (upholding one-hour detention founded upon reasonable suspicion where 25-30 minute delay was caused by a computer problem).

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge